NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dasha Ossiko,<br><br>   Plaintiff,<br><br>v.<br><br>Amazing GLO LLC, et al.,<br><br>   Defendants. | No. CV-17-04589-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for entry of Default (Doc. 31). Plaintiff filed this Motion after Defendants failed to comply with the Court's Order to obtain new counsel. (Doc. 29). Defendants did not respond to the Motion and the time to do so has expired.

**I. Background**

Plaintiff filed suit for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the Arizona Minimum Wage Statutes. The Court granted Attorney Joshua Block's Motion to withdraw as counsel for Defendants on August 14, 2018. (Doc. 29). The Court Ordered that "Defendant Amazing GLO, LLC shall have through and including September 17, 2018 to retain new counsel and for new counsel to file a Notice of Appearance in this action. Defendants Ondranique Walls and Destiney Bell shall have through and including September 17, 2018 to either retain substitute counsel or file with this court a notice that they are representing themselves." (Doc. 29). Defendants did not comply with that Order. On October 12, 2018, the Court issued an

Order to Defendants to show cause as to why default should not be entered against them for failure to abide by prior Court Orders and for an apparent failure to defend the case. (Doc. 32). Defendants were Ordered to show cause in writing by October 22, 2018. Nearly two months have passed, and no response has been filed by Defendants, nor has a notice of appearance been filed on behalf of the business defendant or a notice that the individual clients have chosen to represent themselves. For the reasons explained below, Plaintiff's Motion will be granted.

## II.   Applicable Law

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). The Court may construe Plaintiff's failure to respond to a motion as consent to the granting of the motion. *See* LRCiv 7.2(i) (failure to file a response to a motion may be deemed a consent to the granting of the motion and the Court may dispose of it summarily); *see also Wystrach v. Ciachurski*, 267 F. App'x 606, 607 (9th Cir. 2008) ("The court also did not abuse its discretion in applying its local rule summarily to grant defendants' motion because plaintiffs failed timely to respond."); *Doe v. Dickenson*, 2008 WL 4933964 at *5 (D. Ariz. 2008) ("[t]he Court is entitled to treat Plaintiffs' failure to respond as waiver of the issue and consent to Defendant's argument); *Currie v. Maricopa County Cmty. College Dist.*, 2008 WL 2512841, at * 2 n. 1 (D. Ariz. 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion").

Before dismissing a case or granting an unopposed motion for default, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on the merits; and (5) the availability of less drastic sanctions." *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). The district court, however, "need not make explicit findings regarding these factors." *U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co.,* 857 F.2d 600, 603 (9th Cir. 1988). "Only in rare cases will [the Ninth Circuit

Court of Appeals] question the exercise of discretion in connection with the application of local rules.'" *Ghazali*, 46 F.3d at 53.

### III. Analysis

The Defendants' actions in this case in failing to respond to Plaintiff's Motion, and abide by Court Orders, including an Order to Show Cause, illustrate a failure to defend this case. The factors analyzed below weigh in favor of granting Plaintiff's Motion.

#### 1. Resolution of Litigation

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Accordingly, the Court finds that the first factor weighs in favor of granting Plaintiff's Motion.

#### 2. The Court's Need to Manage its Docket

Defendants' failure to respond to Court Orders and follow the Local Rules of this District, and their failure to respond to the present Motion have delayed expeditious resolution of the case, creating additional work for the Court. Moreover, Defendants' failure to respond has halted the proceedings in this case, effectively allowing Defendants to control the pace of the litigation rather than the Court. *See Yourish,* 191 F.3d at 991 ("Because the district judge was in a superior position to evaluate the effects of delay on [its] docket, we find that this factor strongly favors dismissal."). This factor strongly weighs in favor of granting the Motion.

#### 3. Prejudice to Non-Movant

Failure to defend, on its own, is not sufficiently prejudicial to the non-movant to warrant dismissal of an action. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Here, however, Defendants have not only failed to defend the case, but they have caused Plaintiff extra expense and uncertainty regarding the case. Defendants' lack of response to Court Orders necessitated the filing of the present Motion. Additionally, Defendants have not responded to the Court's Order to Show Cause to explain their lack of response and to determine whether to excuse the failure to respond. Moreover, Defendant Amazing Glo

1  LLC, as a corporation, is unable to proceed in this matter without an attorney. *See Rowland*
2  *v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-202 (1993) ("It
3  has been the law for the better part of two centuries . . . that a corporation may appear in
4  federal courts only through licensed counsel.")  Therefore, this factor weighs in favor of
5  dismissal as Defendants' actions amount to more than mere failure to defend their case.

### 4.   Public Policy Favoring Disposition on Merits

With respect to public policy disfavoring the granting of a motion by default, this factor almost always weighs against dismissal.  However, when balancing the public policy considerations of the disposition of the case on the merits, and the failure of Defendants to obey Court Orders and Local Rules, this factor does not outweigh the others.

### 5.   Less Drastic Sanctions

The Court has issued two Orders to Defendants that have gone unanswered, one of which was an Order to Show Cause as to why default should not be entered against them. (Docs. 29 and 32).  In addition, Defendants have not followed the Local Rules and have disregarded other Orders of this Court.  The Court, as well as Plaintiff, cannot wait around until Defendants decide to defend this case.  Therefore, at this point, the Court determines that less drastic sanctions do not exist, and that the granting of Plaintiff's Motion for Default is warranted because less drastic actions have already been attempted to no avail. This factor does not weigh against dismissal.

The Court has given Defendants numerous opportunities, over the course of several months, to respond in some way.  Defendants have not done so.  Instead, they have chosen to ignore Court Orders and have failed to defend this matter.  Based on the general lack of response to numerous Court Orders and based on the lack of response to the Motion for Default, and in consideration of the factors above, the Court will construe Defendants' failure to respond as consent to granting the Motion pursuant to LRCiv 7.2(i).  Therefore, the Court will grant the Plaintiff's Motion.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for entry of Default (Doc. 31) is **GRANTED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter default against Defendants.

Dated this 14th day of December, 2018.

_____
Honorable Diane J. Humetewa
United States District Judge